UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY EARLEY, as Personal
Representative of The Estate of STEPHEN
ROBERT KOWALEWSKI, Deceased,

       Plaintiffs,

vs.

Case No.
Hon.

OAKWOOD HEALTHCARE, INC. d/b/a
BEAUMONT HOSPITAL – TAYLOR, BEAUMONT
HOSPITAL, TAYLOR, WILLIAM BEAUMONT
HOSPITAL d/b/a BEAUMONT HEALTH SYSTEM,
KAITLIN A. McDONALD, D.O., KAITLIN
McDONALD, D.O., PLLC, CITY OF TAYLOR,
CHIEF OF POLICE JOHN BLAIR,
CORPORAL JORDAN DODDS,
PATROLMAN ANDREW VAN SCYOC,
PUBLIC SERVICE OFFICER JASON MICHALIC,
OFFICER MICHAEL PILCHER,
OFFICER ANNA MARIE LUMETTA,
LIEUTENANT NICK HILL, OFFICER _____ PRANGER,
and OFFICER _____ NUNLEY

Jointly & Severally,

       Defendants.

---

BRIAN J. McKEEN (P34123)
KENNETH D. LEE (P75886)
McKEEN & ASSOCIATES, P.C.
Attorney for Plaintiff
645 Griswold St., Suite 4200
Detroit, MI 48226
(313) 961-4400

---

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, KIMBERLY EARLEY as Personal Representative of The Estate of STEPHEN ROBERT KOWALEWSKI, Deceased, by and through her attorneys, McKeen & Associates, P.C., and for her Complaint against Oakwood Healthcare, Inc. d/b/a Beaumont Hospital – Taylor, Beaumont Hospital, Taylor, William Beaumont Hospital d/b/a Beaumont Health System, Kaitlin A. McDonald, D.O., Kaitlin McDonald, D.O., PLLC, City of Taylor,

- 1 -

Taylor Police Department, Chief of Police John Blair, Corporal Jordan Dodds, Patrolman Andrew Van Scyoc, Public Service Officer Jason Michalic, Officer Michael Pilcher, Officer Anna Marie Lumetta, Lieutenant Nick Hill, Officer _____ Pranger (first name unknown), and Officer _____ Nunley (first name unknown), alleges as follows:

## JURISDICTION AND VENUE

1. This action is brought, in part, pursuant to 42 U.S.C. §1983 to redress a Fourteenth Amendment violation for failure to provide adequate medical attention which led to the death of Stephen Robert Kowalewski.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1367.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because the events giving rise to the claims asserted in this complaint occurred in this judicial district.

## PARTIES

4. Plaintiff Kimberly Earley was at all times relevant a resident of the County of Wayne, State of Michigan.

5. Plaintiff Stephen Robert Kowalewski, deceased, was at all times relevant a resident of the County of Wayne, State of Michigan.

6. Defendant Oakwood Healthcare, Inc. d/b/a Beaumont Hospital – Taylor was at all times relevant hereto a health institution conducting business in the County of Wayne, State of Michigan.

7. Defendant Beaumont Hospital, Taylor, was at all times relevant hereto a health institution conducting business in the County of Wayne, State of Michigan.

8. Defendant William Beaumont Hospital d/b/a Beaumont Health System was at all times relevant hereto a health institution conducting business in the County of Wayne, State of Michigan.

9. Defendant Kaitlin A. McDonald, D.O. was at all times relevant hereto a licensed and practicing physician, board certified in Emergency Medicine, conducting business in the County of Wayne, State of Michigan.

10. Defendant Kaitlin A. McDonald, D.O., PLLC was at all times relevant hereto a limited liability company, conducting business in the County of Wayne, State of Michigan.

11. Defendant City of Taylor, Michigan is a City of the State of Michigan. It oversees the Taylor Police Department.

12. Defendant Chief of Police John Blair ("Defendant Blair") is the Chief of Police for the City of Taylor. At all times relevant to the events at issue in this case, Defendant Blair was employed by the City of Taylor in the capacity of Chief of Police. As such, he was acting under the color of law. At all times relevant to the issue in this case, Defendant Blair promulgated rules, regulations, policies and procedures as Chief of Police for the provision of certain medical care by medical personnel and correctional officers to detainees at the Taylor Police Department. He is sued in his official and individual capacity.

13. Defendants Corporal Jordan Dodds, Patrolman Andrew Van Scyoc, Public Service Officer Jason Michalic, Officer Michael Pilcher, Officer Anna Marie Lumetta, Lieutenant Nick Hill, Officer _____ Pranger (first name unknown), and Officer _____ Nunley (first name unknown) were employees of the City of Taylor during the relevant period. At all times relevant to the events at issue in this care, these defendants were acting under the color of law and within the scope of their employment with the City of Taylor and the Taylor Police Department. These defendants are sued here in their official and individual capacities.

## FACTS

14. On or around April 17, 2021, Stephen Robert Kowalewski ("Stephen Kowalewski") was a 33-year-old father of two minor children who was arrested that morning in Flat Rock, MI for a "traffic violation."

15. Upon information and belief, Stephen Kowalewski was pulled over that morning because he had forgotten to close the gas cap on his vehicle after pumping gas.

16. After being pulled over, it was discovered that Stephen Kowalewski had a suspended driver's license and that a warrant for his arrest was outstanding in Taylor, Michigan.

17. Stephen Kowalewski was transported to the Flat Rock Police Department where he was booked for his warrant and held until arrangements could be made for his transfer into the custody of the Taylor Police Department.

18. At or around 10:11am on the morning of April 17, 2021, Defendants Corporal Jordan Dodds ("Defendant Dodds") and Patrolman Andrew Van Scyoc ("Defendant Van Scyoc") were dispatched to the Flat Rock Police Department to pick up Stephen Kowalewski and take him into the custody of the Taylor Police Department.

19. Upon information and belief, Defendants Dodds and Van Scyoc took custody of Stephen Kowalewski and transported him to the Taylor Police Department Jail where he was turned over to Public Service Officer Jailer Payne.

### Evening of April 17, 2021 – Taylor Police Department

20. That evening, at approximately 2140, Stephen Kowalewski requested to Defendant Public Service Officer Jordan Michalic ("Defendant Michalic") that he be taken to the hospital.

21. The exact reasoning for Stephen Kowalewski's request is unclear because in the records produced by the City of Taylor during Plaintiffs' investigation into the facts and circumstances of this case, certain significant details are redacted.

22. However, it is presumed that Stephen Kowalewski may have informed Defendant Michalic that he had a medical condition, and that he had not recently taken his medication for that condition.

- 4 -

23. During this conversation between Stephen Kowalewski and Defendant Michalic, Stephen Kowalewski appeared to have a seizure and fell to the floor.

24. Upon information and belief, Defendant Michalic notified Defendant Lieutenant Nick Hill ("Defendant Hill") of the witnessed seizure and also requested that the Taylor Fire Department be dispatched to the scene.

25. Upon information and belief, Stephen Kowalewski suffered injuries from his fall during the witnessed seizure, which included bleeding on both his hands and head.

### Evening of April 17, 2021 – Beaumont Wayne Hospital

26. At approximately 10:09pm that evening, Stephen Kowalewski was transported to Defendant Beaumont Wayne Hospital by, upon information and belief, Defendant Officer Michael Pilcher ("Defendant Pilcher") and Defendant Officer Anna Marie Lumetta ("Defendant Lumetta").

27. A nurse in the Emergency Department authored a note which stated the following:

> *Pt reports to ER in police custody for hand laceration. Pt had blood covering his face and both hands. Per police the patient cut his hand and spread it all over his face. Pt has a knot above his right eyebrow. Pt states he has no idea what happened. Resps even/unlabored. NAD, VSS. Pt is A&Ox4.*

28. The physician who evaluated Stephen Kowalewski in the Emergency Department that evening was Defendant Kaitlin A. McDonald, D.O. ("Defendant McDonald").

29. Defendant McDonald authored a note that evening which stated the following:

> *Patient is a 33-year-old Caucasian male who presents to the emergency room in the custody of police with chief complaint of abrasions to his hand. Patient apparently cut his hand in jail and then rubbed blood over his face and hands so the police would him to the hospital. He has a chronic tremor relating to his Parkinson's he states. It is no different today than it has been chronically. He takes medication for it daily and states that his only medical issue. He denies having a seizure. Denies headaches lightheadedness dizziness chest pain or shortness of breath. Last tetanus shot was 2 years ago or less. He denies pain anywhere. The abrasion has stopped bleeding. No worsening or relieving factors to symptoms. He has no complaints at this time.*

30. Despite the fact that Steven was only 33 years old, Defendant McDonald appeared to not bat an eyelash at Steven's suggestion of Parkinson's.

31. There is no indication that Defendant McDonald asked Steven what medications he was taking for Parkinson's, when he had last taken the medications, nor who made the diagnosis of Parkinson's Disease.

32. Had these simple questions been asked, it could have very easily been determined that Steven did *not*, in fact, have Parkinson's disease, and that something else was causing his shaking.

33. Nor does the record indicate in any way that Defendant McDonald attempted to ascertain *how* Stephen Kowalewski had sustained the laceration on his hand, *why* he had apparently rubbed blood all over his face, to do any testing to determine whether Stephen Kowalewski had in fact had a seizure.

34. In turn, Defendant McDonald's inadequate history, examination and workup led to Stephen Kowalewski's tremors remaining unexplored.

35. Stephen Kowalewski was released back to police custody a mere *30 minutes* after his arrival to the hospital that evening.

### Evening of April 17, 2021 – Back at Taylor Police Department

36. At approximately 22:45 that evening, Stephen Kowalewski arrived back at the Taylor Police Department in the custody of Defendant Pilcher and Defendant Lumetta.

37. Upon information and belief, Stephen Kowalewski was taken to cell #11, where he had been housed before his trip to the hospital.

38. Upon information and belief, Stephen Kowalewski was being monitored that evening by Defendant Michalik.

39. At various points that evening, Stephen Kowalewski was observed to be "pacing in the cell" and "fidgeting with the toilet and water faucet buttons."

### Morning of April 18, 2021 – Taylor Police Department

40. On April 18, 2021, at approximately 2:20am, Defendant Michalik observed that Stephen Kowalewski had vomited in his cell.

41. It should be noted that at the time of the filing of this complaint, and after multiple requests, Defendant City of Taylor has refused to provide the complete, unredacted jail footage of what transpired that evening.

42. At approximately 5:12am, Defendant Michalik observed that Stephen Kowalewski had become "agitated."

43. Defendant Michalik noted in his written statement that around that time, Stephen Kowalewski "began kicking and punching the glass partition of the cell."

44. Upon information and belief, Defendant Michalik then transferred Stephen Kowalewski from cell #11 to a detox cell.

45. Again, Defendant City of Taylor has refused to provide the video footage of what transpired while Stephen Kowalewski was in the detox cell.

46. At approximately 5:55am, Defendant Michalik found Stephen Kowalewski "laying on the cell floor next to the door."

47. Because Stephen Kowalewski was apparently breathing at that time, Defendant Michalik assumed everything was okay.

48. At approximately 6:28am, Defendant Michalik found Stephen Kowalewski in his cell "not breathing and unresponsive."

49. At that time, he notified other police personnel who attempted to resuscitate Stephen Kowalewski to no avail.

50. Resuscitation efforts continued until personnel from the Taylor Fire Department arrived and took over.

51. Shortly thereafter, Stephen Kowalewski expired.

52. An autopsy was performed after Stephen Kowalewski's death and the sole cause of his death was determined to be "alcohol withdrawal."

53. Had the various officers employed by Defendant City of Taylor been appropriately trained and supervised, recognized Stephen Kowalewski's obvious signs of withdrawal, checked on him at appropriate intervals, and gotten him the medical attention that he needed, his preventable death would not have occurred.

54. Had Defendant McDonald taken an appropriate history, performed an appropriate exam and workup while Stephen Kowalewski was under her care in the hospital on the evening of April 17, 2021, his preventable death would not have occurred.

55. Stephen Kowalewski's family has been greatly distraught by their loss.

### COUNT I – 42 U.S.C. § 1983 EIGHTH AMENDMENT – DELIBERATE INDIFFERENCE - DEFENDANTS CITY OF TAYLOR, CHIEF OF POLICE JOHN BLAIR, CORPORAL JORDAN DODDS, PATROLMAN ANDREW VAN SCYOC, PUBLIC SERVICE OFFICER JASON MICHALIC, OFFICER MICHAEL PILCHER, OFFICER ANNA MARIE LUMETTA, LIEUTENANT NICK HILL, OFFICER _____ PRANGER (First Name Unknown), and OFFICER _____ NUNLEY (First Name Unknown)

56. Plaintiff repeats and re-alleges the allegations contained in all prior paragraphs of Plaintiff's Complaint as though fully incorporated herein.

57. As described above, Defendants City of Taylor, Chief of Police John Blair, Corporal Jordan Dodds, Patrolman Andrew Van Scyoc, Public Service Officer Jason Michalic, Officer Michael Pilcher, Officer Anna Marie Lumetta, Lieutenant Nick Hill, Officer _____ Pranger (first name unknown), and Officer _____ Nunley (first name uknown) failed to ensure that Stephen Kowalewski received prompt and adequate medical care subsequent to his discharge from Beaumont Wayne Hospital during the evening of April 17, 2021 and the early morning hours of April 18, 2021, when he eventually died from alcohol withdrawal.

58. The actions of the aforementioned Defendants exhibited deliberate indifference to Stephen Kowalewski's serious medical needs, were performed under color of state law, and violated Stephen Kowalewski's rights under the Fourteenth Amendment to the United States Constitution.

59. As a direct and proximate result of the actions of the aforementioned Defendants in failing to ensure that Stephen Kowalewski received prompt and adequate medical care, Stephen Kowalewski's condition was allowed to deteriorate while he was under the custody of the Taylor Police Department, eventually resulting in death by alcohol withdrawal in the early morning of April 18, 2021.

60. The conduct of the aforementioned Defendants was willful and exhibited a flagrant disregard for Stephen Kowalewski's federally secured rights and was undertaken with malice and/or reckless disregard for Stephen Kowalewski's constitutional rights. Accordingly, these Defendants are liable for Stephen Kowalewski's death under 42 U.S.C. §1983.

WHEREFORE, KIMBERLY EARLEY, on behalf of the Estate of STEPHEN ROBERT KOWALEWSKI, respectfully requests that this Honorable Court grant the following relief:

A. Compensatory, non-economic damages for severe emotional distress, physical pain, physical sickness, anxiety, shock, anger, embarrassment, personal humiliation, and death in an amount to be determined at trial;

B. Compensatory economic damages for loss in future earnings capacity/loss of income/loss of financial support in an amount to be determined by the jury;

C. Punitive damages in an amount to be determined at trial;

D. Loss of society and companionship;

E. Costs of this suit, and reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1983, and other applicable law; and

F. Such further relief as deemed just and reasonable by this Court.

## COUNT II – STATE LAW CLAIM FOR RESPONDEAT SUPERIOR

61. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth in this

- 9 -

Count.

62. Count I is alleged in part against Defendants Chief of Police John Blair, Corporal Jordan Dodds, Patrolman Andrew Van Scyoc, Public Service Officer Jason Michalic, Officer Michael Pilcher, Officer Anna Marie Lumetta, Lieutenant Nick Hill, Officer _____ Pranger (first name unknown), and Officer _____ Nunley (first name uknown) in their individual capacities.

63. In committing the acts alleged in the preceding paragraphs, Defendants Chief of Police John Blair, Corporal Jordan Dodds, Patrolman Andrew Van Scyoc, Public Service Officer Jason Michalic, Officer Michael Pilcher, Officer Anna Marie Lumetta, Lieutenant Nick Hill, Officer _____ Pranger (first name unknown), and Officer _____ Nunley (first name unknown) were employees, members, and/or agents of the City of Taylor and the Taylor Police Department, acting at all relevant times within the scope of their employment.

64. Defendant City of Taylor is liable as principal for all torts committed by its employees and/or agents, including each of the individually aforementioned Defendants.

WHEREFORE, KIMBERLY EARLEY, on behalf of the Estate of STEPHEN ROBERT KOWALEWSKI, hereby requests an award of damages against the Defendants herein, jointly and severally, in whatever amount above Seventy-Five Thousand [$75,000.00] dollars that Plaintiff is found to be entitled to, together with costs, interest and attorney fees, as well as all other damages allowed under Michigan Law.

### COUNT III - STATE CLAIM OF MEDICAL NEGLIGENCE OF KAITLIN A. McDONALD, D.O.

65.     Plaintiff repeats and re-alleges the allegations contained in all prior paragraphs of Plaintiff's Complaint as though fully incorporated herein.

66.     Kaitlin A. McDonald, D.O., was negligent, inter alia, in the following particulars, in that a licensed and practicing physician, Board Certified in Emergency Medicine, as well as any and all other physicians, physicians-in-training, physician assistants, and other mid-level healthcare providers, when evaluating and treating a patient such as Stephen Kowalewski, owed a duty to timely and properly:

    a. Perform and appreciate a thorough health history, and physical examination;

    b. Recognize and appreciate the possible signs and symptoms of alcohol withdrawal including, but not limited to, seizures, tremors, shaking and head trauma;

    c. Question the patient about the nature of his unusual "Parkinson's" diagnosis, including his medications, the last usage of medications, and the provider who made the diagnosis;

    d. Question the patient about his social history, including drug and alcohol abuse;

    e. Include alcohol or other withdrawal in the differential diagnosis;

    f. Find a reasonable source for all the blood on the patient's body;

    g. Perform a workup including laboratory testing;

    h. Observe for a prolonged period in the emergency department, treat the patient, and/or admit the patient to the hospital for further observation;

    i. Perform an appropriate workup for Stephen's witnessed seizure while in police custody;

    j. Communicate and cooperate with the patient's other healthcare providers to ensure he receives the best care for his condition;

    k. Prevent the patient from suffering a worsening of his condition using all reasonable means; and

    l. Any additional acts of negligence identified through the discovery process.

67. Defendant Kaitlin McDonald, D.O. did none of these things, and such acts or omissions constitute professional negligence for which the Defendant Kaitlin McDonald, D.O. is directly liable to Plaintiff.

68. At all times relevant hereto, Defendant Kaitlin McDonald, D.O. was an employee, agent, servant, or ostensible agent of Oakwood Healthcare, Inc. d/b/a Beaumont Hospital – Taylor, Beaumont Hospital, Taylor, William Beaumont Hospital d/b/a Beaumont Health System, and/or Kaitlin A. McDonald, D.O., PLLC therefore, Defendants Oakwood Healthcare, Inc. d/b/a Beaumont Hospital – Taylor, Beaumont Hospital, Taylor, William Beaumont Hospital d/b/a Beaumont Health System, and/or Kaitlin A. McDonald, D.O., PLLC are vicariously liable for the negligence of Defendant Kaitlin McDonald, D.O. pursuant to the Doctrine of Respondeat Superior and ostensible agency.

69. As a direct and proximate result of Kaitlin McDonald, D.O.'s failure to comply with the standard of care as outlined above, Stephen Kowalewski was returned to the jail where his condition was allowed to deteriorate, eventually succumbing to alcohol withdrawal on April 18, 2021.

70. As a consequence of Kaitlin McDonald, D.O.'s negligence, Plaintiff further claims all elements of damages permitted under the Michigan Wrongful Death Act, Michigan Statutory Law, and Common Law, whether known now or whether becoming known during the pendency of this case.

WHEREFORE, KIMBERLY EARLEY, on behalf of the Estate of STEPHEN ROBERT KOWALEWSKI, hereby requests an award of damages against the Defendants herein, jointly and severally, in whatever amount above Seventy-Five Thousand [$75,000.00] dollars that Plaintiff is found to be entitled to, together with costs, interest and attorney fees, as well as all other damages allowed under Michigan Law.

**COUNT IV - STATE CLAIM OF MEDICAL NEGLIGENCE OF OAKWOOD HEALTHCARE, INC. D/B/A BEAUMONT HOSPITAL – TAYLOR, BEAUMONT HOSPITAL, TAYLOR, WILLIAM BEAUMONT HOSPITAL D/B/A BEAUMONT HEALTH SYSTEM, KAITLIN A. MCDONALD, D.O., KAITLIN MCDONALD, D.O., PLLC**

71. Plaintiff repeats and re-alleges the allegations contained in all prior paragraphs of Plaintiff's Complaint as though fully incorporated herein.

72. Defendants Oakwood Healthcare, Inc. d/b/a Beaumont Hospital – Taylor, Beaumont Hospital, Taylor, William Beaumont Hospital d/b/a Beaumont Health System, and/or Kaitlin A. McDonald, D.O., PLLC were negligent, inter alia, in the following particulars, in that as duly accredited and licensed health care institutions, by and through their agents, actual and/or ostensible, servants, and/or employees, including, but not limited to, Kaitlin McDonald, D.O., which hold themselves out to the public as being competent of rendering medical services, when confronted with a patient such as Stephen Kowalewski, owed a duty to timely and properly:

   a. Select, employ, train, and monitor its agents, actual and/or ostensible, servants, employees and/or its staff of physicians, nurses and residents, to ensure they were competent to perform adequate medical care for a patient;

   b. Ensure that appropriate policies and procedures are adopted and followed;

   c. Any additional acts of negligence identified through the discovery process.

73. As a direct and proximate result of the aforementioned Defendants' failure to comply with the standard of care as outlined above, Stephen Kowalewski was returned to the jail where his condition was allowed to deteriorate, eventually succumbing to alcohol withdrawal on April 18, 2021.

74. As a consequence of the Defendants' negligence, Plaintiff further claims all elements of damages permitted under the Michigan Wrongful Death Act, Michigan Statutory Law, and Common Law, whether known now or whether becoming known during the pendency of this case.

WHEREFORE, KIMBERLY EARLEY, on behalf of the Estate of STEPHEN ROBERT KOWALEWSKI, hereby requests an award of damages against the Defendants herein, jointly and severally, in whatever amount above Seventy-Five Thousand [$75,000.00] dollars that Plaintiff is found to be entitled to, together with costs, interest and attorney fees, as well as all other damages allowed under Michigan Law.

Respectfully Submitted:

McKEEN & ASSOCIATES, P.C.

/s/ *Brian J. McKeen*

BRIAN J. McKEEN (P34123)
KENNETH D. LEE (P75886)
Attorneys for Plaintiff
645 Griswold St., Suite 4200
Detroit, MI 48226
(313) 961-4400

DATED: September 14, 2023


**Re:   Stephen Kowalewski**

### AFFIDAVIT OF MERITORIOUS CLAIM OF KENNETH CORRE, MD

| | |
|---|---|
| STATE OF CALIFORNIA | ) |
| | )ss. |
| COUNTY OF LOS ANGELES | ) |

I, KENNETH CORRE, by this Affidavit, state that during the relevant time period at issue in this matter, I was a licensed, practicing physician devoting a majority of my professional time for the preceding year to, the clinical practice of emergency medicine and I attest to the following:

1. I have read the Notice of Intent to File a Claim in this action.

2. I have reviewed all the medical records provided to me by Plaintiff's Counsel.

3. Kaitlin McDonald, D.O., who provided care to STEPHEN KOWALEWSKI, as an Emergency Medicine Physician, when evaluating and treating a patient such as STEPHEN KOWALEWSKI, owed a duty to timely and properly:

   a. Perform and appreciate a thorough health history, and physical examination;

   b. Recognize and appreciate the possible signs and symptoms of alcohol withdrawal including, but not limited to, seizures, tremors, shaking and head trauma;

   c. Question the patient about the nature of his unusual "Parkinson's" diagnosis, including his medications, the last usage of medications, and the provider who made the diagnosis;

   d. Question the patient about his social history, including drug and alcohol abuse;

   e. Include alcohol or other withdrawal in the differential diagnosis;

   f. Find a reasonable source for all the blood on the patient's body;

g. Perform a workup including laboratory testing;

h. Observe for a prolonged period in the emergency department, treat the patient, and/or admit the patient to the hospital for further observation;

i. Perform an appropriate workup for Steven's witnessed seizure while in police custody;

j. Communicate and cooperate with the patient's other healthcare providers to ensure he receives the best care for his condition;

k. Prevent the patient from suffering a worsening of his condition using all reasonable means; and

l. Any additional acts of negligence identified through the discovery process.

4. Oakwood Healthcare, Inc. d/b/a Beaumont Hospital - Taylor, a duly accredited and licensed health care institution, by and through their agents, actual and/or ostensible, servants, and/or employees, including, but not limited to Kaitlin McDonald, D.O., who hold themselves out to the public as being competent of rendering medical services, when confronted with a patient such as Stephen Kowalewski, owed a duty to timely and properly:

   a. Select, employ, train, and monitor its agents, actual and/or ostensible, servants, employees and/or its staff of physicians, nurses and residents, to ensure they were competent to perform adequate medical care for a patient;

   b. Ensure that appropriate policies and procedures are adopted and followed;

   c. Any additional acts of negligence identified through the discovery process.

5. Beaumont Hospital, Taylor, a duly accredited and licensed health care institution, by and through their agents, actual and/or ostensible, servants, and/or employees, including, but not limited to Kaitlin McDonald, D.O., who hold themselves out to the public as being competent of rendering medical services, when confronted with a patient such as Stephen Kowalewski, owed a duty to timely and properly:

  a. Select, employ, train, and monitor its agents, actual and/or ostensible, servants, employees and/or its staff of physicians, nurses and residents, to ensure they were competent to perform adequate medical care for a patient;

  b. Ensure that appropriate policies and procedures are adopted and followed;

  c. Any additional acts of negligence identified through the discovery process.

6. William Beaumont Hospital d/b/a Beaumont Health System, a duly accredited and licensed health care institution, by and through their agents, actual and/or ostensible, servants, and/or employees, including, but not limited to Kaitlin McDonald, D.O., who hold themselves out to the public as being competent of rendering medical services, when confronted with a patient such as Stephen Kowalewski, owed a duty to timely and properly:

  a. Select, employ, train, and monitor its agents, actual and/or ostensible, servants, employees and/or its staff of physicians, nurses and residents, to ensure they were competent to perform adequate medical care for a patient;

  b. Ensure that appropriate policies and procedures are adopted and followed;

  c. Any additional acts of negligence identified through the discovery process.

7. Kaitlyn McDonald, D.O., PLLC, a duly accredited and licensed health care institution, by and through their agents, actual and/or ostensible, servants, and/or employees, including, but not limited to Kaitlin McDonald, D.O., who hold themselves out to the public as being competent of rendering medical services, when confronted with a patient such as Steven Kowalewski, owed a duty to timely and properly:

  a. Select, employ, train, and monitor its agents, actual and/or ostensible, servants, employees and/or its staff of physicians, nurses and residents, to ensure they were competent to perform adequate medical care for a patient;

  b. Ensure that appropriate policies and procedures are adopted and followed;

c. Any additional acts of negligence identified through the discovery process.

8. It is my opinion, based upon the available information, as well as my training knowledge, education, and experience in emergency medicine that there was a failure to do those acts listed above, and such omissions constitute violations of the applicable standard of care.

9. In order to have conformed to the standard of care, the above-named should have done those things listed in paragraphs 3 through 7, and the respective subsections above.

10. As a direct and proximate result of Kaitlin McDonald, D.O.'s failure to provide an adequate examination and workup of Stephen's presented symptoms, Stephen did not receive recognition of nor clinical management of his medical condition, including alcohol withdrawal. Instead, Stephen was discharged from the hospital after a mere 30 minutes and left with the police, where he inevitably succumbed to alcohol withdrawal and was unable to be resuscitated. Stephen's death was entirely avoidable.

11. This opinion is based upon a review of the information to date and may or may not change upon review of additional materials.

KENNETH CORRE, MD
8/22/2023

Subscribed and sworn to before me on this 22 day of August, 2023.

_____
Notary Public_____, County, MI
My Commission Expires: _____

Please see attached

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 22 day of AUGUST, 20 23, by _____
KENNETH CORRE
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

GEOFFREY WILLIAMS
Notary Public - California
Los Angeles County
Commission # 2354834
My Comm. Expires Apr 18, 2025

(Seal)            Signature _____